UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE GARCIA; KYMBERLY BLEVINS, on
behalf of herself and her minor children
K. GARCIA and G. GARCIA; and MICHAEL
ZASTRO,

         Plaintiffs,

         v.

SERGIO MARTINEZ; GUY D. HABIAK, JR;
JONATHAN E DIBIASE; ANTHONY M.
PALUMBO; ANGELO C. DICERA; ANDREW
S. KATS; CHEN Q ZHENG; SEAN P.
LYNCH; CESAR SOTO; and THE CITY OF
CHICAGO,

         Defendants.

No. 21 C 2850

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege unlawful search and seizure against certain Chicago Police Officers. Plaintiffs also allege that the City of Chicago is liable for this incident. The Officers and the City each filed a motion to dismiss at least some of the claims. R. 16; R. 17. The City's motion is granted, and the Officers' motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On March 13, 2021, Defendant Officer Sergio Martinez obtained a warrant to search "George Garcia" and the "second floor front apartment of . . . 1219 W. 32nd Place, Chicago Illinois 60608." Martinez applied for the warrant based on a statement he received from a confidential informant. The informant told Martinez that he had on multiple occasions purchased cocaine from a person named "George" at that apartment and the garage behind the building. The informant said that his last purchase from "George" at that location had been within 48 hours.

Martinez searched the police department's database and learned that a person named "George Garcia" had reported 1219 W. 32nd Place as his address. Martinez showed the informant the photo associated with this "George Garcia," and the informant confirmed that this was the person from whom he had purchased cocaine at that address. Martinez prepared an affidavit with this information and appeared before a judge with the informant. The judge issued the warrant on that basis.

Defendants executed the warrant the day after it was issued. Defendants did not provide an opportunity for anyone to open the door, instead breaking in the door. In addition to the second-floor front apartment, Defendants searched the garage and Garcia's car. They also searched the front first-floor apartment, where Plaintiff Michael Zastro lives. All Plaintiffs—Zastro, Garcia, his wife Kymberly Blevins, and their two children—were detained at gun point. Their personal belongings were searched and in several cases broken or otherwise destroyed.

Plaintiffs make the following claims: (1) the search was unlawful; (2) their seizure was unlawful; (3) the warrant was unlawfully procured; (4) they suffered intentional infliction of emotional distress; and (5) the City is liable for this incident because it condones unlawful procurement of warrants, executions of searches, and detention, and fails to investigate and discipline officer misconduct.

## Analysis

### I.    The Officers

As an initial matter, the Officers concede that their motion only addresses "the allegedly unlawful procurement of the warrant," and that Plaintiffs' "other 'unlawful

search' allegations, such as those about the expansion of the scope of the warrant, . . . fall outside the boundaries of the [Officers'] arguments." R. 25 at 3. Because the Officers' arguments are limited to the claim of an unlawfully procured warrant, their motion does not address the following claims: (1) that Defendants' unlawfully expanded the scope of the search to the car, the garage, and Zastro's apartment; (2) that the "no-knock" entry was unlawful; (3) that the manner of the search was unlawful; and (4) that the manner of the seizure, primarily the use of guns, was unlawful. This case will proceed with respect to those claims against the Officers.

As for the claim that the warrant was unlawfully procured, to survive a motion to dismiss such a claim, a plaintiff must allege that "reasonably well-trained officers in their positions should have known that the testimony or affidavits they provided in support of the warrants would have failed to establish probable cause, so that they should not have applied for the warrants in the first place." *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003). This means that the officers "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests." *Id.* A 'reckless disregard for the truth' is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause." *Id.* at 743.

4

Plaintiffs argue that they have plausibly alleged a reckless disregard of the truth because there were no "indicia of reliability" of the informant's statement and "the Defendant Officers conducted no investigation of the informant's allegations." R. 23 at 9. Plaintiffs allege further, that "the Defendant Officers never attempted to corroborate any of the alleged facts testified to by the informant," in that "there was no surveillance of the subject property, no attempt to conduct a controlled buy in the subject property, and there was no indication the Defendants made any effort to access any law enforcement or other data bases in an attempt to corroborate or verify the informant's information." *Id.*

This Court has held that "a completely erroneous statement permits the plausible inference that the officers should have known the statement was at least not entirely correct." *Tate v. City of Chicago*, 2020 WL 6715660, at *5 (N.D. Ill. Nov. 16, 2020). But while like *Tate*, it turned out in this case that there was no cocaine or evidence of drug dealing discovered in the apartment or other premises, the informant's statement was not "completely erroneous." And it is not true that Martinez took the statement at face value without further investigation. Rather, according to the warrant application, Martinez compared the informant's statement against information in the police database and learned that the informant was correct that a person named "George" lived at the identified address. This independent connection of the accused person's identity with the identified address gave Martinez reason to believe the informant was telling the truth. Unlike *Tate*, where nothing that the informant told the police turned out the be true, and the officers did nothing to

verify any aspect of the informant's statement, Martinez learned before applying for the warrant that the informant was correct that a person named George lived at the identified address. Because there was some indicia that the informant in this case was telling the truth, the ultimate fact that no evidence of cocaine dealing was found during the search does not permit the inference that the police knew or should have known the informant was unreliable. Plaintiffs' claim for unlawful procurement of the warrant must be dismissed.

A valid warrant, however, is not a defense to Plaintiffs' other claims: (1) that Defendants exceeded the scope of the warrant; (2) that they executed it unlawfully, both in manner of entry and manner of search; and (3) that they seized Plaintiffs in an unlawful manner. The case will proceed to discovery on those claims.

## II. The City

Plaintiffs allege the City has a custom of condoning unlawful procurement of warrants. But the Court's finding that Plaintiffs failed to plausibly allege that the Officers unlawfully procured the warrant, requires dismissal of the claim against the City as well.

Besides the claim of failure to prevent unlawful procurement of a warrant, Plaintiffs also allege that the City condones the following customs and practices: (1) "no-knock" searches without a "no-knock" warrant; (2) failure to use body worn cameras; and (3) use of guns during seizure of young children. The problem with these claims is that Plaintiffs fail to allege a "series of bad acts" that would permit the inference "that the policymaking level of government was bound to have noticed what

6

was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents," by "provid[ing] examples of [other individuals in the defendant's position of municipal authority] taking actions similar to those complained of," or "plausibly alleg[ing] that such examples exist"). According to the Seventh Circuit, "there is no clear consensus as to how frequently [certain] conduct must occur to impose *Monell* liability [under the custom and practice theory], except that it must be more than one instance, or even three." *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

But here, Plaintiffs have alleged only their own experiences. Plaintiffs allege that two of the defendant officers in the past have been involved with unlawful procurement of warrants. But they make no similar allegations with respect to the other alleged customs and practices. Without allegation of a "series of bad acts," the Court cannot plausibly infer a custom or practice, and the claims against the City must be dismissed.

## Conclusion

Therefore, the Officers' motion to dismiss [16] is granted in part and denied in part. It is granted to the extent that claim for unlawful procurement of a warrant is dismissed without prejudice. It is denied to the extent the motion sought dismissal of

any other of Plaintiffs' claims. The City's motion to dismiss [17] is granted and Plaintiffs' claims against the City are dismissed without prejudice.

Plaintiffs' may not immediately file an amended complaint. Rather, Plaintiffs may file a motion to amend their complaint, attaching the proposed amended complaint as an exhibit to a brief of no more than five pages explaining why any new allegations cure the deficiencies described in this order. Any such amended complaint must be filed by July 13, 2022. A status hearing is set for July 22, 2022 at which point Plaintiffs should be prepared to state whether they will file a motion to for leave to amend. The parties should submit a joint proposed discovery schedule by July 20, 2022.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated:  June 15, 2022

8