IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERORGE GARCIA, KYMBERLY BLEVINS, for herself and on behalf of her minor children, G. GARCIA and K. GARCIA, and MICHAEL ZASTRO, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 21CV02850 |
| | ) | |
| v. | ) | |
| | ) | Judge Harjani |
| CHICAGO POLICE OFFICER SERGIO MARTINEZ, STAR #19512; et al., | ) ) | Mag. Judge Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S OBJECTIONS AND DEEM FACTS ADMITTED**

NOW COME the Plaintiffs, GEORGE GARCIA, KYMBERLY BLEVINS, for herself and on behalf of her minor children, G. GARCIA and K. GARCIA, and MICHAEL ZASTRO, by and through their attorneys, LAW OFFICES OF JEFFREY J. NESLUND and MICHAEL D. ROBBINS & ASSOCIATES, and in support of their Motion to Strike Defendant's Objections and Deem Facts Admitted, state as follows:

**I.      INTRODUCTION**

On June 28, 2024, Plaintiff served Defendant City with 51 Requests for Admission to Defendant City of Chicago ("City"). The City responded with multiple objections to Plaintiffs' requests, followed by the phrase "*subject to and without waiving said objections*" before either admitting or denying the request. (Ex. A).[1]  On

---

[1] The City initially responded on to 50 of Plaintiffs' requests on August 13, 2024, omitting a response to Request No. 18 regarding the time period between the knock and announce and breach of the

1

July 9, 2024, Plaintiff served Defendant Martinez with Plaintiff's 36 Request for Admissions.  Like the City, Defendant Martinez's responded on August 13, 2024 with multiple objections followed the phrase "*without waiving said objections*" before admitting or denying the request. (Ex. B).  The Defendants various objections that certain common police terms were "vague and ambiguous," "legal conclusions"or "could lead to the disclosure of the John Doe" are not made in good faith and should be overruled or stricken. Other superfluous comments and explanations in the Defendants responses outlined below are not permitted under Rule 36 and should likewise be stricken.

Pursuant to LR 37.2, Plaintiff conferred with opposing counsel multiple times regarding the plethora of "boiler-plate" objections on August 14, 2024, August 30, 2024, and September 6, 11, 17, and 24, 2024.   Plaintiff's counsel also provided Defendants with Judge Harjani's decision in *LKQ Corp., v. Kia Motors Inc.*, 2023 WL 2429010, 21-C-3166, (N.D. IL March 9, 2023) regarding the improper use of  the phrase "without waiving" objections in RFA ("When a responding party answers a RFA "based on," "subject to" or "without waiving," its objections, the requesting party is left uncertain as to whether the request has been fully answered or whether only a portion of the request has been fully answered or whether only a portion of the request has been answered."). (See Ex. C, E-mail Correspondences).   Accordingly, the parties are at an impasse and Plaintiffs, once again, seek this Court's intervention to overrule objections and/or strike inappropriate responses to Plaintiff's RFA.

---

residence.  The City amended their responses on October 17, 2024, objecting that "forced entry" and "knocked and announced" were vague and ambitious before a denial.

## II.    ARGUMENT

In *LKQ Corp., v. Kia Motors Inc.*, the court faced the same plethora of objections followed by qualifiers such as "based on," "subject to," or "without waiving" the objections before answering the RFA.  The court found the plain language and purpose of Rule 36 requires an answering party to either answer the RFA or object, *not both. Id,* at *2.   Objecting but answering subject to the objection is not one of the allowed choices. *Id. c*iting *Mann v. Island Resorts Development, Inc.* 2009 WL 6409113, at *3 (N.D. Fla., Feb. 27, 2009); *Tardify v. People for the Ethical Treatment of Animals,* 2011 WL 1627165, at *2 (M.D. Fla., April 29, 2011).   The court concluded that an "objection to a RFA followed by an answer "based on, subject to" or "without waiving" the objection is not authorized and undermines the proper use of RFAs, which is to "save time and expense by narrowing the issues to be tried." *Id.* At *3.

Here, the Defendant City qualified their responses, whether an admission or denial, with objections followed by "subject to and without waiving said objections." (Ex. A). Defendant Martinez likewise qualified his responses with "notwithstanding and without waiving" his various objections.  (Ex. B). As explained in *LKQ Corp., v. KIA Motors Inc.*, such qualifiers are not authorized by Rule 36 and undermines the proper use of RFA.  Citing the Advisory Committee Notes to Rule 36, the court explained "unless the party securing the admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated.

3

"2023 WL 2429010 at *3. Even requests that are eventually admitted have a preamble of frivolous objections that should be overruled in order to remove any uncertainty or ambiguity about what is actually being admitted. As such, the Defendant's conditional language responses should be stricken from Defendants RFA responses.

### A. Objections to "Vague and Ambiguous" terms

The Defendant City and Defendant Martinez objected to the following words or phrases used in Plaintiff's RFA: "executed," "authored," "request," "no knock," "allegations of any criminal activity," "J. Doe informant," "execution," "corroborate," "surveillance," "undercover or controlled narcotic buys," "supervised," "executing," "the breach," "under the supervision of," "required," "knock and announce," "reasonable amount of time," "placed," "pry bar tool known as a 'Chicago bar,' "outer door," "upon arrival," "knocked," "outer side door," "announced," "breach," "under the direction," "outer door of the side entrance," "side entrance," "multiple officers," "traded off," "instructed," "under the direction," "forcibly breach," "searched," "entire building," "offered," and "written consent form." (Ex. B, C)

These objections are without merit. The objection to common police terms such as "executed," "searched," "J. Doe informant" or "surveillance" in this J. Doe search warrant case are "vague and ambiguous" is particularly specious. Defendant Sgt. Habiack specifically testified at his deposition that common police terms such as "no knock warrant," "breach," "controlled buy," "execute a search warrant," and "consent

4

to search form" are neither vague nor ambiguous. (Ex. D, Habiak dep., p. 51-52, 66-67, 131 and 152-153.).

Habiak's defense counsel also used the term "executed search warrant" throughout her questioning of her client (Ex. D, p. 190, 196, and 199), yet claims the term "executed" and "search" are vague and ambiguous in Defendant Martinez's RFA responses. (See Ex. B, No. 1, 2, 15, 29). In a similar vein, Sgt. Habiak also explained the "knock and announce" rule; that Martinez "authored" the Complaint and Search warrant; the tool used to breach the "outer side door," known as a "Chicago bar;" and that he supervised the "breach" and "execution" of the search warrant. (Ex. D, p. 24:4-5; p. 30, 61, 67:10-15; 72-73; 92:19-25; and 140-141).

Thus, the "vague and ambiguous" objections to common police terms known and used by the Individual Defendants and relevance objections should be stricken from the City's response No. 1- 19, 21-23, and 27-29 and Martinez response No. 1-10, 13, 15-20, 22-23, 25, 29-31.

### B.  J. Doe Objections

Both the Defendant City and Defendant Martinez object to RFA regarding Martinez use of the same J. Doe informant to obtain other search warrants on the grounds that the information is irrelevant and "could lead to the disclosure of the identity of J. Doe." (Ex. A, City response No. 6 -10, and Ex. B, Martinez response No. 5 and 6).  Both Defendants also cite to Judge Durkin's June 15, 2022 order dismissing Plaintiff's claim for unlawful procurement of the warrant (Dkt. # 26) as an additional basis to object to certain RFA (Ex. A, No. 6-10 and Ex. B, No. 5-9, 11, 18, 19).

However, Defendants ignore the fact the unlawful procurement claim was dismissed ***without prejudice*** and Plaintiffs did, in fact, amend the complaint which still contains an unlawful procurement claim (Count IV) that Martinez fabricated certain statements in his sworn affidavit to obtain the search warrant. (Dkt. # 33, ¶12, 43-46.)  These objections should likewise be over ruled as the number of times Martinez used this same J. Doe informant, the informant's criminal background and how Martinez determined he was "reliable" are all relevant inquiries and discoverable as outlined in Plaintiffs' 2nd Motion to Compel (Dkt. # 106, p. 6-8).

### C.  COPA Report /Superintendent of Police Objections

Defendants also object to simple, straightforward RFA regarding the conclusions of the Civilian Office of Police Accountability ("COPA") and Superintendent of Police investigations into this incident.  Defendants object "since the COPA report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report." (Ex. A, City Resp. No. 34-47; Ex. B, Martinez Resp. No.  32-34).

These objections should also be over ruled as the RFA are directed to certain specific findings by the City's own police oversight agency, which the Defendant City now disputes in this lawsuit, such as the breach executed in violation of the knock and announce rule. (Ex. A, City Resp. No. 35, 36) Further, there is no requirement under Rule 36 that Plaintiff provide a "complete and accurate summary of the report" in order for Defendants to respond to Plaintiffs RFA. Rule 36(a) (4) requires a party make a "reasonable inquiry" with "information it knows or can readily obtain" before

answering a RFA. Obviously, the Defendants are in possession of the COPA Report and the specific findings as to each Defendant Officer. As such, these objections should be overruled.

The Defendants also objects to the relevancy of the very existence of COPA (Ex. A, No. 30), its purpose as an oversight agency for the Chicago Police Department ( No. 31), the investigation into this incident (No. 32) and specific findings by the agency and Superintendent of Police. (Ex. A, No. 33-51; Ex. B No. 32-34). The City's objections to these concise, direct RFA regarding the conclusions of its own investigative agency and Superintendent of the Chicago Police Department are frivolous, in particular given the Plaintiffs' failure to discipline and train *Monell* claim and should be stricken.

### D. Objections with Superfluous Comments and Explanations

The Defendants also make numerous objections with superfluous comments and explanations that are not permitted under Rule 36. For example, Plaintiffs' RFA No.5 states: "The allegations of any criminal activity in the Complaint for Search Warrant for Search Warrant (Ex. A) came from an alleged J. Doe Informant." Rather than admit, deny or object, the Defendant City makes the specious objections that "J. Doe informant" and "allegations of any criminal activity" are vague and ambiguous and the phrase "criminal activity" is a legal conclusion. The City then adds "***Subject to and without waiving said objections***, Defendant admits that the J. Doe referenced in the Complaint for search Warrant provided the information about

7

George Garcia's criminal activity **which was corroborated and/or verified by Defendant Officer Martinez.** Defendant denies any remaining allegations contained in Request to Admit No.5" (emphasis added).

Rule 36 simply does not allow the Defendants to add such additional language or explanations to straight forward requests for admission. The City made similar improper qualifying non-answers in RFA No. 12, ("*Defendants admit only that the officers were required to knock and announce to the extent required by law*."). When simple RFA were directed at the scope of the search, Defendants made their objections to common police terms such as "search" being vague and ambiguous, then added:

"*Answering further, Plaintiff George Garcia verbally consented to the search of the building, the garage, and his vehicles. Plaintiff George Garcia gave his keys to the building, his keys to the detached garage, and his keys to his cars to Officer Martinez and verbally told Officer Martinez and the officers, inter alia, "you can search everything."* (Ex. A, City Resp. No. 27-29; Ex. B, Martinez Resp. No. 29-31).

Defendants responded to these R. 36 RFA as if providing additional statements of fact in a summary judgment motion. Rule 36 does not permit such excess verbiage trying to explain away or justify a simple fact. As such, the responses with such qualifying language should be struck and RFA No. 5, 27-29 to the City and RFA 29-31 to Defendant Martinez deemed admitted.

**E.    Defendant Martinez "Do Not Recall" Responses**

Rule 36 requires an answering party to make a "reasonable inquiry" with respect to information it "can readily obtain." Fed. R. Civ. P. 36(a) (4). After a series of objections, Defendant Martinez stated "**he does not recall** whether the J. Doe

referred to in the complaint  for Search Warrant # 21 SW 2903 was on parole." or "whether the J. Doe informant was also used to obtain Search Warrant #20 SW 8736 on December 4, 2020." (Ex. B., RFA No. 8 and 11).  There has been no showing that Martinez made any reasonable inquiry to answer these RFA.

Martinez recalled that "J. Doe" was a convicted felon (RFA No. 6), who was previously affiliated with a street gang (RFA No. 7) who he paid money to prior to March 14, 2021. (RFA No. 9).  To find out if "J. Doe" informant was on parole, Defendant Martinez could easily obtain a Chicago Criminal History Report (commonly referred to as a rap sheet) or a report from the Law Enforcement Data System (L.E.A.D.S.).  Perhaps foreshadowing a selective memory, Martinez's inability to recall if he used the same J. Doe informant on a residential search warrant executed three (3) months earlier also rings hollow.  Martinez search warrant 20 SW8736 was executed on December 20, 2020 at 3109 S. Benson Street, just three (3) blocks from Plaintiffs' residence.  A review of that search warrant file or, at the very least, a review of Martinez's Complaint for that search warrant should refresh his memory regarding the identity of his informant.[2]

### F.  Legal Conclusion Objections

The Defendant City also object that that the terms "criminal activity," "forced entry"

 and "reasonable amount of time" call for legal conclusions. (Ex. A, Resp. No. 5, 8, 12, and 18).  Although requests for pure legal conclusions are improper, Rule 36(a) (1) (A) permits FRAs relating to "facts, the application of law to fact, or opinions about

---

[2] Information on this particular Martinez search warrant is also a subject of Plaintiff's 2nd MTC, Dkt. # 106.

either." *LKQ Corp., v. KIA Motors Inc.*, 2023 WL 2429010, at *6 citing Fed. R. Civ. P. 36 (a) (1) (A) and *Abdulqader v. U.S.,* 596 F. App'x 515, 516 (7th Cir. 2015).

Here, Plaintiffs' RFA No. 5, 8, 12 and 18 are not seeking legal conclusions. RFA No. 5 and 8 regarding alleged "criminal activity" of George Garcia are requesting admissions about facts contained within the Complaint for Search Warrant (#5) and that Defendant Martinez did not corroborate the information about "criminal activity" that allegedly came from the J. Doe. (#8). The City's "legal conclusion" objections to RFA No. 12 and 18 are likewise frivolous given the testimony of Sgt. Habiak and the body –worn camera videos of the "knock and announce" and forced entry in this case. Sgt. Habiak testified at length about the "reasonable amount of time" requirement for "knock and announce" search warrants in general as well as this specific case. (Ex. D, p. 61; 64-66; 74-76:1-9). Such opinions about the facts of this case and the application of the "knock and announce" requirement to the facts are not "legal conclusions" and should, therefore, be overruled.

### III. CONCLUSION

Defendants' objections and commentary in response to Plaintiffs' Request for Admission outlined above are not made in good faith and should be stricken. Wherefore, Plaintiffs request this Honorable Court enter an order:

A. Overruling the objections to "vague and ambiguous" terms and relevance objections in the Defendant City of Chicago RFA Responses No. No. 1- 19, 21-23 and 27-29 and Defendant Martinez Responses No. 1-10, 13, 15-20, 22-23, 25, 29-31;

B. Overruling the "J. Doe " and relevance objections in Defendant City of Chicago RFA Responses No. 6-10 and Defendant Martinez Responses No. 5- 11, 18, 19;

C. Overruling the COPA/Superintendent objections in the Defendant City of Chicago RFA Responses No. 30-51 and Defendant Martinez Responses. No. 32-34;

D. Strike the language with superfluous comments from Defendant City of Chicago RFA Responses No. 5, 27-29 and Defendant Martinez Responses. No 29-31;

E. Directing Defendant Martinez to answer RFA No. 8 and 11; and

F. Overruling the Defendant City's "legal conclusion" objections to RFA No. 5,8,12 and 18;

G. And any other remedy this Court deems fit and just.

Respectfully submitted,

/s/Jeffrey J. Neslund
Jeffrey J. Neslund
One of Plaintiffs' Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
134 N. LaSalle St.
Suite 444
Chicago, IL 60602
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
134 N. LaSalle St.
Suite 444
Chicago, IL 60602
(312) 223-1100
        *Attorneys for Plaintiffs*

11