**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE GARCIA, KYMBERLY BLEVENS, for herself and on behalf of her minor children, G. GARCIA and K. GARCIA, and MICHAEL ZASTRO,       ) ) ) ) ) | |
|       ) | Case No. 21-cv-02850 |
| Plaintiffs,       ) ) | |
| v.       ) ) | Presiding Judge Sunil R. Harjani |
| CITY OF CHICAGO, *et al.*,       ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants.       ) | |

**DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUEST TO ADMIT**

Defendant, CITY OF CHICAGO ("Defendant"), by and through its undersigned counsel, HINSHAW & CULBERTSON LLP, for its Objections and Responses to Plaintiffs' First Request to Admit, states as follows:

1.     Exhibit A is a true and accurate copy of the Complaint for Search Warrant and the Search Warrant # 21 SW 2903 executed at 1219 W. 32nd Place, Chicago, Illinois on March 14, 2021.

**RESPONSE: Defendant objects to this request on the basis that it is unreasonably vague and ambiguous as to the word "executed." Subject to and without waiving said objections, admitted.**

2.     Defendant Officer Sergio Martinez authored the Complaint for Search Warrant and the Search Warrant # 21 SW 2903 executed at 1219 W. 32nd Place, Chicago, Illinois on March 14, 2021.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "authored," and "executed."  Subject to and without waiving said**

1042558\322732770.v1

**objections, Defendant admits Defendant Officer Martinez, pursuant to Special Order S04-19, prepared the Complaint for Search Warrant and Search Warrant # 21 SW 2903 for the search executed at 1219 W. 32nd Place, Chicago, Illinois on March 14, 2021. Defendant denies any remaining allegations contained in Request to Admit No. 2.**

3. Defendant Martinez did not request a "no knock" search warrant for the search at 1219 W. 32nd Place, Chicago, Illinois.

**RESPONSE: Defendant objects to this request on the basis that it is unreasonably vague and ambiguous as to the words "request," and "no knock." Subject to and without waiving said objections, admitted.**

4. Search Warrant # 21 SW 2903 in Exhibit A is not a "no knock" search warrant.

**RESPONSE: Defendant objects to this request on the basis that it is unreasonably vague and ambiguous as to the words "no knock." Subject to and without waiving said objections, admitted.**

5. The allegations of any criminal activity in the Complaint for Search Warrant for Search Warrant (Ex. A) came from an alleged J. Doe informant.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "allegations of any criminal activity" and "J. Doe informant." Defendant also objects to this request on the basis that the phrase "criminal activity" calls for a legal conclusion. Subject to and without waiving said objections, Defendant admits that the J. Doe referenced in the Complaint for Search Warrant provided the information about George Garcia's criminal activity, which was corroborated and/or verified by Defendant Officer Martinez. Defendant denies any remaining allegations contained in Request to Admit No. 5.**

6.      Defendant Officer Sergio Martinez never used the specific J. Doe referenced in the Complaint for Search Warrant (Ex. A) as an informant prior to March 13, 2021.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. In fact, this Court dismissed Plaintiff's unlawful procurement of the warrant claim based on a theory that the individual defendants knew or should have known that the J. Doe was unreliable or a failure by the individual defendants to make reasonable efforts to corroborate the J. Doe's statement. *See* June 15, 2022, Order, Dkt. No 26, 5.**

**Defendant also objects on the grounds it is overly broad and burdensome given the request is not reasonably limited in substance, time or scope as well as unreasonably vague and ambiguous as to the words "informant" and "Officer Martinez used the same J. Doe informant he used in Search Warrant # 21 SW 2903 to obtain other search warrants." Finally, Defendant objects to this request as improper under Rule 36 as requests to admit are not a discovery device, and instead, create a procedure to identify "admissions for the record of facts already known by the party propounding the requests." *See S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014).**

**Defendant further objects on the grounds that this information could lead to the disclosure of the identity of the J. Doe. The identity of a confidential informant is privileged information that federal law protects from disclosure. *Guzman v. City of Chicago*, 242 F.R.D. 443 (N.D. Ill. 2007). This Court denied Plaintiffs' motion to compel as to the J. Doe's identity,**

1042558\322732770.v1

finding they failed to meet their burden. *See* Court's April 4, 2024, Minute Order, Dkt. No. 86.

**Subject to and without waiving said objections, denied.**

7.      Search Warrant # 21 SW 2903 was the first time Defendant Officer Sergio Martinez used this specific J. Doe informant to obtain a search warrant.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. In fact, this Court dismissed Plaintiff's unlawful procurement of the warrant claim based on a theory that the individual defendants knew or should have known that the J. Doe was unreliable or a failure by the individual defendants to make reasonable efforts to corroborate the J. Doe's statement. *See* June 15, 2022, Order, Dkt. No 26, 5.**

**Defendant also objects on the grounds it is overly broad and burdensome given the request is not reasonably limited in substance, time or scope as well as unreasonably vague and ambiguous as to the word "informant," and "the first time Defendant Officer Sergio Martinez used this specific J. Doe informant to obtain a search warrant." Defendant next objects to this request as improper under Rule 36 as requests to admit are not a discovery device, and instead, create a procedure to identify "admissions for the record of facts already known by the party propounding the requests." *See S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014). It is also duplicative of Request to Produce No. 6.**

**Defendant finally objects on the grounds that this information could lead to the disclosure of the identity of the J. Doe. The identity of a confidential informant is privileged information that federal law protects from disclosure. *Guzman v. City of Chicago*, 242 F.R.D. 443 (N.D. Ill. 2007). This Court denied Plaintiffs' motion to compel as to the J. Doe's identity, finding they failed to meet their burden. *See* Court's April 4, 2024, Minute Order, Dkt. No. 86.**

**Subject to and without waiving said objections, denied.**

8. Prior to the execution of the search warrant on March 14, 2021, Defendant Officer Sergio Martinez did not corroborate the J. Doe's allegations of criminal activity by George Garcia.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. In fact, this Court dismissed Plaintiff's unlawful procurement of the warrant claim based on a theory that the individual defendants knew or should have known that the J. Doe was unreliable or a failure by the individual defendants to make reasonable efforts to corroborate the J. Doe's statement. *See* June 15, 2022, Order, Dkt. No 26, 5. Defendant also objects on the grounds it is unreasonably vague and ambiguous as to the words "execution," "corroborate," and allegations of criminal activity." Defendant further objects to this request on the basis that the phrase "criminal activity" calls for a legal conclusion." Subject to and without waiving said objections, denied.**

9. Defendant Officer Sergio Martinez did not conduct any surveillance on the building located at 1219 W. 32nd Place prior to the execution of the search warrant on March 14, 2021.

**RESPONSE:** Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. In fact, this Court dismissed Plaintiff's unlawful procurement of the warrant claim based on a theory that the individual defendants knew or should have known that the J. Doe was unreliable or a failure by the individual defendants to make reasonable efforts to corroborate the J. Doe's statement. *See* June 15, 2022, Order, Dkt. No 26, 5. Defendant also objects on the grounds it is unreasonably vague and ambiguous as to the words "execution," and "surveillance." Subject to and without waiving said objections, denied.

10. Defendant Officer Sergio Martinez did not conduct any undercover or controlled narcotic buys at the building located at 1219 W. 32nd Place prior to the execution of the search warrant on March 14, 2021.

**RESPONSE:** Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. In fact, this Court dismissed Plaintiff's unlawful procurement of the warrant claim based on a theory that the individual defendants knew or should have known that the J. Doe was unreliable or a failure by the individual defendants to make reasonable efforts to corroborate the J. Doe's statement. *See* June 15, 2022, Order, Dkt. No 26, 5. Defendant also objects on the grounds it is unreasonably vague and ambiguous as to the words "undercover or controlled narcotic buys." Subject to and without waiving said objections, admitted.

11.     Defendant Sgt. Guy Habiak supervised the execution of Search Warrant # 21 SW 2903 at 1219 W. 32nd Place on March 14, 2021.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the word "supervised," and "execution." Defendant also objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, Defendant admits that Defendant Sgt. Habiak was the Search Team Supervisor for Search Warrant # 21SW2903 at 1219 W. 32nd Place on March 14, 2021. Defendant denies any remaining allegations contained in Request to Admit No. 11.**

12.     Officers executing the breach of the side door at 1219 W. 32nd Place under the supervision of Sgt. Habiak were required to knock and announce their office in order to give the occupants a reasonable amount of time to open the door and admit the officers.

**RESPONSE: Defendant objects on the grounds it seeks a legal conclusion and/or expert opinion. Defendant also objects on the ground it is unreasonably vague and ambiguous as to the words "executing," "the breach," "under the supervision of," "required," "knock and announce," and "reasonable amount of time." Subject to and without waiving said objections, Defendant admits only that the officers were required to knock and announce to the extent required by law, and Defendant Sgt. Habiak was the Search Team Supervisor for Search Warrant # 21SW2903 at 1219 W. 32nd Place on March 14, 2021. Defendant denies any remaining allegations contained in Request to Admit No. 12.**

13. Exhibit B is a true and accurate copy of the CPD body-worn camera (BWC) video and audio of Chicago Police Officer Lynch, from March 14, 2021 during the execution of Search Warrant # 21 SW 2903. (*See* Exhibit B).

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the word "execution." Subject to and without waiving said objections, admitted.**

14. Under the supervision of Sgt. Habiak, Chicago Police Officer DiBiase placed a pry bar tool known as a "Chicago bar" on the outer door upon arrival at the side entrance of 1219 W. 32nd Place. (Exhibit B at 11:22:22)

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "under the supervision," "placed," "pry bar tool known as a 'Chicago bar," "outer door," and "upon arrival." Subject to and without waiving said objections, Defendant admits only that Officer DiBiase placed a pry bar on the outer door of the side entrance of 1219 W. 32nd Place, at or around 11:22:22 as depicted in Officer Lynch's BWC (Exhibit B), and Defendant Sgt. Habiak was the Search Team Supervisor for Search Warrant # 21SW2903 at 1219 W. 32nd Place on March 14, 2021. Defendant denies any remaining allegations contained in Request to Admit No. 14.**

15. Chicago Police Officer DiBiase knocked on the outer side door at 1219 W. 32nd Place and announced, "Chicago Police, search warrant." (*See* Exhibit B at 11:22:28)

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "knocked," "outer side door," and "announced." Subject to and without waiving said objections, Defendant admits only that Officer DiBiase announced "Chicago Police, search warrant," at or around 11:22:28 as depicted in Officer Lynch's BWC**

(Exhibit B). Defendant denies any remaining allegations contained in Request to Admit No. 15.

16. Four (4) seconds after Officer DiBiase announced, "Chicago Police, search warrant," Defendant Sgt. Habiak instructed Officers to breach the side entrance at 1219 W. 32nd Place. (Ex. B at 11:22:32).

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the word "instructed" and "breach." Defendant also objects on the grounds it seeks a legal conclusion and/or expert opinion. Subject to and without waiving said objections, Defendant admits that Officer Palumbo began using a battering ram on the outer door of the side entrance of 1219 W. 32nd Place, at or around 11:22:32 as depicted in Officer Lynch's BWC (Exhibit B). Defendant denies any remaining allegations contained in Request to Admit No. 16.**

17. Under the direction of Defendant Sgt. Habiak, Officers DiBiase used a pry bar and Officer Palumbo used a battering ram to forcibly breach the outer door of the side entrance of the residence at 1219 W. 32nd Place.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "under the direction," "forcibly breach," and "outer door of the side entrance." Subject to and without waiving said objections, Defendant admits that, at some point during the execution of the underlying search warrant, Officer DiBiase used a pry bar and Officer Palumbo used a battering ram to breach the outer door of the side entrance of 1219 W. 32nd Place, and Defendant Sgt. Habiak was the Search Team Supervisor for Search Warrant # 21SW2903 at 1219 W. 32nd Place on March 14, 2021. Defendant denies any remaining allegations contained in Request to Admit No. 17.**

18.     The forced entry of the side entrance of 1219 W. 32nd Place began less than five (5) seconds after Officer DiBiase knocked and announced, "Chicago Police, search warrant." (Ex. B, 11:22:28-11:22:32).

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "forced entry" and "knocked and announced." Defendant also objects on the grounds it seeks a legal conclusion and/or expert opinion. Subject to these objections, denied**

19.     During the breach of the side entrance of 1219 W. 32nd Place, multiple officers, including Defendant Officer Martinez, traded off using the battering ram to strike the side door at 1219 W. 32nd Place.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "breach," "side entrance," "multiple officers," and "traded off." Subject to and without waiving said objections,  admitted.**

20.     While officers were striking the door with the battering ram, George Garcia yelled to officers to wait and that he would open the door.

**RESPONSE: Defendant objects to this request because it seeks information that is irrelevant to the claims in this case. Subject to and without waiving said objections,  admitted.**

21.     Defendant Sgt. Habiak instructed officers to " keep going" and continue to strike the door with the battering ram. (Ex. B at 11:23:45-52).

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the word "instructed." Subject to and without waiving said objections, denied.**

22. Under the direction of Sgt. Habiak, Chicago Police Officers struck the side door at 1219 W. 32nd street over 70 times with the battering ram.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "under the direction." Subject to and without waiving said objections, Defendant admits that the outer door of the side entrance and/or the side entrance of 1219 W. 32nd Place was struck with a battering ram over 70 times, and Defendant Sgt. Habiak was the Search Team Supervisor for Search Warrant # 21SW2903 at 1219 W. 32nd Place on March 14, 2021. Defendant denies any remaining allegations contains in Request to Admit No. 21.**

23. While officers were attempting to forcibly breach the side door, George Garcia ran to the front window of the 2nd floor apartment at 1219 W. 32nd Place to tell officers he would open the door.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "forcibly breach." Subject to and without waiving said objections, Defendant only admits that at or around 11:23:50 as depicted in Officer Kats' BWC (OFFICERS 000208), while an officer was striking the side entrance of 1219 W. 32nd Place, Plaintiff Garcia opened one of the front second story windows and stated that "I can't get the door." As to any remaining allegations contained in Request to Admit No. 19, Defendant states it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.**

24. George Garcia was ordered to remain at the 2nd floor window with his hands out the window as officers continued the forced entry of the side door with the battering ram. (Ex. B, 11:24:07-11:24:17).

**RESPONSE: Defendant only admits that at or around 11:24:02 as depicted in Officer Lynch's BWC (Exhibit B), while an officer was striking the side entrance of 1219 W. 32nd Place, Plaintiff Garcia who was located in one of the front second story windows was ordered to "stay right there," and "make sure we see your hands." Defendant denies the remaining allegations contained in Request to Admit No. 23.**

25. Exhibit C is a true and accurate copy of the Original Case Incident Report (RD # JE168773) prepared by Defendant Officer Martinez in connection with the execution of the search warrant 21 SW 2903 on March 14, 2021.

**RESPONSE: Notwithstanding redactions, admitted.**

26. Defendant Martinez wrote in the narrative summary of the original Case Incident Report that "…George Garcia refused to open the door."

**RESPONSE: Defendant objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that Defendant Officer Martinez wrote "[a]t which time now known as [O] GARCIA, GEORGE stated " wait I'll open it" at which time George Garcia refused to open the door."**

27. During the execution of Search Warrant # 21 SW 2903, the Chicago Police searched the entire building and attached garage at 1219 W. 32nd Place Chicago.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "searched," and "entire building." Subject to and without waiving said objections, with the understanding that the officers did not search every part of the building or attached garaged, admitted. Answering further, Plaintiff George Garcia verbally consented to the search of the building, the garage, and his vehicles. Plaintiff George Garcia**

**gave his keys to the building, his keys to the detached garage, and his keys to his cars to Officer Martinez and verbally told Officer Martinez and the officers, *inter alia*, "you can search everything." *See* Officer Martinez's body worn camera, AXON BODY 3 X6039AF52, previously produced as OFFICERS 210, at 11:26:48-11:27:02; 11:30:39-11:30:47; 11:31:54-11:32:36; 11:41:28-11:42:31.**

28. During the execution of Search Warrant # 21 SW 2903, Defendant Officer Martinez searched a vehicle owned by Plaintiff George Garcia.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the word "searched." Subject to and without waiving said objections, admitted. Answering further, Plaintiff George Garcia provided keys to his vehicles to Officer Martinez and verbally consented to the search of his vehicles. *See* Officer Martinez's body worn camera, AXON BODY 3 X6039AF52, previously produced as OFFICERS 210, at 11:31:57-11:32:36; 11:41:28-11:42:31; 11:42:26-11:42:31.**

29. On March 14, 2021, George Garcia was never offered a written consent to search form.

**RESPONSE: Defendant objects on the grounds it is unreasonably vague and ambiguous as to the words "offered," and "written consent form." Subject to and without waiving said objections, admitted. Answering further, Plaintiff George Garcia verbally consented to the search of the building, the garage, and his vehicles. Plaintiff George Garcia gave his keys to the building, his keys to the detached garage, and his keys to his cars to Officer Martinez and verbally told the officers, *inter alia*, "you can search everything." *See* Officer Martinez's body worn camera, AXON BODY 3 X6039AF52, previously produced as**

**OFFICERS 210, at 11:26:48-11:27:02; 11:30:39-11:30:47; 11:31:54-11:32:36; 11:41:28-11:42:31.**

30.     The Civilian Office of Police Accountability (C.O.P.A.) is an agency of the City of Chicago that was created by and operates pursuant to the provisions of Chapter 2-78-100 *et seq.* of the Municipal Code of the City of Chicago.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, admitted.**

31.     C.O.P.A. is the civilian oversight agency of the Chicago Police Department.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, admitted.**

32.     C.O.P.A. conducted an investigation into the search warrant executed at 1219 W. 32nd Place on March 14, 2021, C.O.P.A. Log # 2021-1091.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, admitted.**

33.     On September 27, 2022, C.O.P.A. Director of Investigations, Steffany Hreno, and Deputy Chief Administrator Matthew Hayman, approved C.O.P.A.'s Summary Report of Investigation in Log # 2021-1091 regarding Search Warrant # 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, admitted.**

34.     C.O.P.A.'s investigation concluded that seven (7) allegations of misconduct against Defendant Sgt. Habiak in connection with the procurement and execution of search warrant 21 SW 2903 were supported by a preponderance of the evidence or "sustained."

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections,  Defendant admits that COPA sustained allegation nos. 1-7 against Defendant Sgt. Habiak and exonerated him as to allegation no. 8.  Defendant denies any allegations inconsistent with the report.**

35.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Sgt. Habiak failed to ensure that Department members executing Search Warrant # 21 SW 2903 waited a reasonable period of time before making or attempting to make forcible entry into the building located at 1219 W. 32nd Street.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that COPA sustained allegation no. 2 against Defendant Sgt. Habiak. Defendant denies any allegations inconsistent with the report.**

36.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that the short period of time between knocking and announcing and forcing entry into the building was unreasonable.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, admitted. Defendant denies any allegations inconsistent with the report.**

37.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Sgt. Habiak failed to ensure that a Consent to Search form was completed.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself**

**and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that COPA sustained allegation no. 5 against Defendant Sgt. Habiak. Defendant denies any allegations inconsistent with the report.**

38.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Sgt. Habiak searched beyond the scope of Search Warrant 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that COPA sustained allegation no. 6 against Defendant Sgt. Habiak. Defendant denies any allegations inconsistent with the report.**

39.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Sgt. Habiak failed to adequately supervise officers under his supervision in that he permitted them to search beyond the scope of Search Warrant 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that COPA sustained allegation no. 7**

**against Defendant Sgt. Habiak. Defendant denies any allegations inconsistent with the report.**

40.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that four (4) allegations of misconduct against Defendant Officer Martinez in connection with the procurement and execution of search warrant 21 SW 2903 were supported by a preponderance of the evidence or "sustained."

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that COPA sustained allegation nos. 2, 4, 7, and 8 against Defendant Officer Martinez, found allegation no 1 against him unfounded, found allegations nos. 3 and 5 not sustained, and exonerated him as to allegation nos. 6. Defendant denies any allegations inconsistent with the report.**

41.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Officer Martinez submitted the Complaint for Search Warrant and the Search Warrant # 21 SW 2903 to the Cook County States Attorney's Office before obtaining the signature of the designated unit supervisor the rank of Lieutenant or above.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and**

**without waiving said objections, Defendant admits that COPA sustained allegation no. 2 against Defendant Officer Martinez. Defendant denies any allegations inconsistent with the report.**

42.     C.O.P.A.'s investigation in Log # 2021-1091 concluded that Defendant Sgt. Habiak, as the on-scene supervisor "not only participated in the improper search; he authorized his subordinates to do the same."

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, admitted. Defendant denies any allegations inconsistent with the report.**

43.     C.O.P.A.'s investigation in Log # 2021-1091 recommended a 90- day suspension for Defendant Sgt. Habiak and retraining on search warrants and consent to search incidents.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, admitted. Defendant denies any allegations inconsistent with the report.**

1042558\322732770.v1

44. C.O.P.A.'s investigation in Log # 2021-1091 recommended a 20- day suspension and retraining on search warrants and consent to search incidents for Defendant Officer Martinez.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, admitted. Defendant denies any allegations inconsistent with the report.**

45. C.O.P.A.'s findings and recommendations in Log # 2021-1091 were made on September 27, 2022.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the report speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the report. Subject to and without waiving said objections, Defendant admits that, on September 27, 2022, COPA Director of Investigations, Steffany Hreno, and Deputy Chief Administrator Matthew Hayman, approved COPA's Summary Report of Investigation in Log # 2021-1091 regarding Search Warrant # 21 SW 2903. Defendant denies any allegations inconsistent with the report.**

46. On December 22, 2022, David Brown, the Superintendent of the Chicago Police Department, recommended Defendant Sgt. Habiak receive a 30-day suspension and additional

training on the preparation and execution of search warrants for violations of Chicago Police Department policies in connection with search warrant# 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the Superintendent's partial concurrence speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the letter. Subject to and without waiving said objections, Defendant admits, based on the violations that were concurred with by the Department, David Brown, the former Superintendent of the Chicago Police Department, recommended Defendant Sgt. Habiak receive a 30 day suspension and additional training on the preparation and execution of Search Warrants. Defendant denies any allegations inconsistent with the partial non-concurrence.**

47. On December 22, 2022, David Brown, the Superintendent of the Chicago Police Department, recommended Defendant Officer Martinez receive a 10-day suspension and additional training on the preparation and execution of search warrants for violations of Chicago Police Department policies in connection with search warrant# 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Defendant also objects since the Superintendent's partial concurrence speaks for itself and Plaintiffs fail to provide a complete and accurate summary of the letter. Subject to and without waiving said objections, Defendant admits,**

**based on the violations that were concurred with by the Department, David Brown, the former Superintendent of the Chicago Police Department, recommended Defendant Officer Martinez receive a 10 day suspension and additional training on the preparation and execution of Search Warrants. Defendant denies any allegations inconsistent with the partial non-concurrence.**

48.    Defendant Officer Martinez has not served any suspension in connection with search warrant # 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, denied.**

49.    Defendant Officer Martinez has not undergone any of the additional training on the preparation and execution of search warrants recommended by C.O.P.A. in Log # 2021-1091 and David Brown, the former Superintendent of the Chicago Police Department.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, denied.**

50.    Defendant Sgt. Habiak has not served any suspension in connection with search warrant # 21 SW 2903.

**RESPONSE: Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not**

1042558\322732770.v1

**proportional to the needs of the case. Subject to and without waiving said objections, admitted as Sgt. Habiak's grievance as to the recommended discipline is pending.**

51. Defendant Sgt. Habiak has not undergone any of the additional training on the preparation and execution of search warrants recommended by C.O.P.A. in Log # 2021-1091 and David Brown, the former Superintendent of the Chicago Police Department.

**RESPONSE:** **Defendant objects to this request to admit on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as it requests information not relevant to any party's claim or defense and it is not proportional to the needs of the case. Subject to and without waiving said objections, admitted as Sgt. Habiak's grievance as to the recommended discipline is pending.**

Dated: October 17, 2024

Respectfully submitted,

Hinshaw & Culbertson LLP

*s/ Vincent M. Rizzo*
Vincent M. Rizzo
Attorney for Defendant City of Chicago

Vincent M. Rizzo
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: 312-704-3000
Fax: 312-704-3001
vrizzo@hinshawlaw.com

1042558\322732770.v1