IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERORGE GARCIA, KYMBERLY BLEVINS, for herself and on behalf of her minor children, G. GARCIA and K. GARCIA, and MICHAEL ZASTRO, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO POLICE OFFICER SERGIO MARTINEZ, STAR #19512, et. al., <br><br> Defendants. | No. 21 C 2850 <br><br> Jeffrey T. Gilbert <br> United States Magistrate Judge |

## ORDER

Plaintiffs' Second Motion to Compel [ECF No. 106] ("Motion") is granted in part and denied in part. The Court grants Plaintiffs' Motion to the extent of their request for documents that support a contention by Defendant Sergio Martinez ("Martinez") that the "J. Doe" he utilized in this case ("Doe") was reliable and for Doe's criminal history (Plaintiffs' Fourth Request for Production Nos. 4 and 5), and to the extent of Plaintiffs' follow-up request for documents associated with or missing from certain Complaint Register ("CR") files the Court previously ordered produced in April 2024 [ECF Nos. 86, 90] as well as documents relating to a settled federal case in which Martinez was a named defendant (Plaintiffs' Fifth Request for Production of Documents Nos. 2 through 5). The documents can be produced with redactions designed to continue to shield J. Doe's identity and pursuant to the confidentiality order previously entered in this case. [ECF No. 52]. Plaintiffs' Motion is denied in all other respects.[1]

### Plaintiffs' Fourth Request for Production of Documents.

Plaintiffs' requests for "any and all documents" relating to other search warrants and complaints for search warrants prepared by Martinez based on information provided by Doe is denied. *See* Fourth Request for Production of Document ("RFP") Nos. 1, 2, and 3. Those broad requests are not narrowly tailored to information that is relevant to the claims or defenses in this case as currently framed,

---

[1] Defendant City of Chicago ("the City") is the only Defendant that filed a brief in opposition to Plaintiff's Motion.

they are not proportional to the discovery needs of the case, and they are unduly burdensome under these circumstances. (In addition, as drafted, these requests contain no date limiters though, as discussed below, that is not their main failing.)

Plaintiffs' core allegation in this case is that Martinez fabricated the information he gave to the judge who signed the search warrant for the Garcia residence that gave rise to the events at issue in this case. This case is not about whether Doe existed or necessarily, from Plaintiffs' perspective, about whether Doe gave Martinez accurate information with respect to the search warrant for Plaintiff George Garcia's residence. Plaintiffs, in fact, do not allege Doe provided any false information to Martinez. Instead, Plaintiffs allege, "on information and belief," that Martinez "fabricated certain details within the complaint and affidavit for the search warrant *that were falsely attributed to a 'J. Doe' informant in order to secure the warrant.*" *See* Amended Complaint [ECF No. 33], at para. 12 (italics added). Plaintiffs specifically allege that Martinez lied to the issuing judge when he proffered that Doe previously purchased cocaine from Plaintiff Garcia, that Doe was in Garcia's residence buying cocaine within 48 hours of when Martinez applied for the warrant, and that Doe previously had seen cocaine in Garcia's rear garage and had purchased cocaine from him there. *Id.* Plaintiffs allege Defendant Martinez's fabrications "includ[e], but [are] not limited to" these alleged facts but they do not provide any further detail in characterizing Martinez's alleged lies.

Read literally, therefore, Plaintiffs allege that Martinez lied to the judge who issued the search warrant, not that Doe lied to Martinez or to the judge. That is a very weak predicate or foundation for discovery of *all* search warrants, search warrant complaints, and search warrant data sheets prepared by Martinez at any time based on information provided to him by Doe. Martinez's entire history of dealing with Doe, however long, short, or involved it may be, is not relevant or proportional to the needs of a case that does not center, again from Plaintiffs' perspective, on whether Doe existed or gave false information to Martinez and the judge who issued the search warrant. Rather, in the Court's view, this is a broad fishing expedition by Plaintiffs for anything related to Doe whom Plaintiffs apparently are intent on identifying and ultimately deposing in this case. Although all civil discovery necessarily involves some fishing, Plaintiffs cast their net too far and wide with their Fourth RFP Nos. 1, 2, and 3 as this case is pled.[2]

---

[2] Plaintiffs appear to be focused on trying to establish a record on which the Court would order Defendants to identify Doe. It is worth emphasizing that while Plaintiffs argue the Court intimated during a hearing in April 2024 that they had "not yet" established a basis for the Court to order disclosure of the identity of Doe in this case, *see* Motion at 3, Plaintiffs grossly over-read the record in this respect. First, the word "yet" was Plaintiffs' counsel's word, not the Court's. *See* Transcript of April 4, 2024 Hearing [ECF No. 90] at 58 ("you say yet; I say as of now, but whatever"). Second, Plaintiffs ignore several other comments in the record where the Court expressed doubt that Plaintiffs ever could make a case for disclosure of Doe's identity in a case like this. *Id.* at 25 ("I don't view this right now as the strongest case for the plaintiff to get Doe's identity, given what you're giving me right now. My rulings

2

Plaintiffs attempt to justify their Fourth RFP Nos. 1, 2, and 3 arguing that those requests are relevant to the existence of Doe but that is not a disputed issue in this case. Plaintiffs also say the information they request in their Fourth RFP Nos. 1, 2, and 3 goes to Doe's reliability and may be relevant to impeaching Martinez. To the extent that is true, the RFPs at issue remain overbroad and potentially burdensome. Even if Martinez testifies that Doe provided reliable information in the past, which as discussed below he can be expected to do based on his prior testimony to the Civilian Office of Police Accountability ("COPA"), Plaintiffs' request for all documents relating to all search warrants Martinez ever obtained with the assistance of Doe is overbroad and not proportional to the needs of this case. Again, Martinez is charged with fabricating facts to obtain the search warrant at issue in this case and *falsely* attributing those facts to Doe. Plaintiffs do not allege that Doe provided Martinez with any information to justify the Garcia search warrant that was false or inaccurate. Therefore, Plaintiffs' affirmative case does not depend on whether Doe provided reliable information to Martinez for the Garcia search warrant or any other search warrant. It focuses on whether Martinez, not Doe, lied to the judge who issued the warrant. Under these circumstances, Plaintiffs' Fourth RFP Nos. 1, 2, and 3 remain overbroad and at least potentially burdensome even for the ostensible purpose of impeaching Martinez.

Plaintiffs' Fourth RFP No. 4, however, is narrower than RFP Nos. 1, 2, and 3. It seeks "any and all documents, notes, reports or other materials in support of the contention the 'J. Doe' informant used in search warrant no.: [sic] 21 SW 2903 [the Garcia warrant] was reliable." *See* RFP No. 4. This is essentially a contention request that asks the defense to produce documents it may or will rely upon to support any contention that the Doe informant in this case was reliable. Discovery is relevant pursuant to Federal Rule of Civil Procedure 26(b)(1) if it seeks information that may support a *claim* or *defense*. Here, documents that support a contention that Doe was reliable may be relevant to Martinez's defense. The City opposes producing documents in response to RFP No. 4 on the ground that Doe's reliability is not in issue based on how Plaintiffs have pled their case. But this ignores whether the documents may be relevant to Martinez's defense.

It is hard to believe that Martinez can defend himself in this case against Plaintiffs' allegations that he lied to the judge who issued the search warrant without testifying that the information he gave to the judge set forth in the search warrant application came from Doe, that he believed it was true, and that he believed Doe was reliable. That essentially is the gist of what Martinez already has told investigators from COPA. During his interview with the investigators, Martinez told them he had previously worked with Doe and believed he was reliable. *See* Sealed Transcript of February 16, 2022 COPA Interview [ECF No. 112] at 2, 8. It therefore is reasonable to believe that Martinez also may testify during his deposition in this case and

---

are affected by that."). The Court is not now ruling on whether it ever would be appropriate for Plaintiffs to discover Doe's identity. But they certainly have not made a showing that would entitle them to that information to date and they may never be able to do so.

3

ultimately at trial that the information he gave the judge came from Doe and he thought it was reliable. If he does so, then Plaintiffs can ask Martinez about the basis for his belief that Doe was reliable. If he relies on any documents to support that contention, those documents would be subject to identification and production under Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Martinez's affirmative defense of qualified immunity also arguably puts in issue whether it was reasonable for Martinez to rely on Doe which in turn may implicate Martinez's professed belief that Doe was reliable. *See* Defendant Officers' Answer, First Affirmative Defense, Qualified Immunity [ECF No. 34] at 26.

The City's argument that Plaintiffs' claims do not depend on whether Doe was reliable thus misses the point of Plaintiffs' Fourth RFP No. 4. Calibrated to uncover information relevant to Martinez's defense, Plaintiffs' Fourth RFP No. 4 is proper within the meaning of Rule 26(b)(1). Under these circumstances, it is not a stretch too far to say the City (and Martinez, to the extent the Fourth RFP No. 4 is directed to him) must produce any "documents, notes, reports or other materials" that support Martinez's belief – already proffered to COPA – that Doe was reliable if such documents exist. Plaintiffs leave it to the defense to decide what documents are encompassed within the request. It is thus much narrower than Plaintiffs' Fourth RFP Nos. 1, 2, and 3. Only documents that support Martinez's contention that Doe was reliable are subject to production. Any such documents can be produced in redacted form to protect Doe's identity and pursuant to the confidentiality order previously entered in this case. [ECF No. 52].

Doe's criminal history, sought by Plaintiffs with their Fourth RFP No. 5, also is potentially relevant to Doe's reliability and, therefore, to Martinez's defense. Like Fourth RFP No. 4, it is proportional to the needs of the case in the sense that Plaintiffs might use Doe's criminal history to examine or potentially impeach the reasonableness of Martinez's stated reliance on Doe for the Garcia search warrant. Doe's criminal history also is potentially relevant because it was presented and made available to the judge who issued the Garcia search warrant. *See* Plaintiffs' Reply, Exhibit 2 [ECF No. 67-2] at 3 (ECF PageID #5). Production of that information is not likely to be unduly burdensome. Plaintiffs offer to accept either a redacted criminal history for Doe that shields Doe's identity or an affidavit from the City attesting to Doe's criminal history. This is as an appropriate way for Plaintiffs to obtain this information. Producing the information in this way does not unduly risk unmasking Doe and the information arguably goes to Doe's reliability which, as discussed above, is relevant to Plaintiffs' ability to challenge Martinez's defenses including qualified immunity. Therefore, the Defendants must produce either a redacted criminal history or an affidavit attesting to Doe's criminal history.

The last request at issue from Plaintiffs' Fourth Request for Production of Documents is Plaintiffs' Fourth RFP No. 6 which seeks all documents related to a search warrant for the premises located at 3109 Benson Street in Chicago. Plaintiffs say Martinez obtained that warrant less than three months before the search at issue in this case, and the premises are located three blocks from the Garcia residence.

Plaintiffs say they have identified the occupant of the Benson Street premises, Mr. Pinto, as a potential *Monell* and/or Federal Rule of Evidence 404(b) witness. Plaintiffs apparently identified this search warrant to Defendants after the Court ruled on Plaintiffs' prior requests for CR files in April 2024. Plaintiffs, however, do not say much about why the search of the Benson Street residence is relevant to the claims or defenses in this case, including for *Monell* or Rule 404(b) purposes, other than that that residence is located blocks from the Garcia residence and the warrant was executed close in time to the execution of the Garcia warrant. The City objects on that basis, and also because this warrant was not previously identified as giving rise to any complaint against Martinez.

The fact that the Benson Street residence is located three blocks from the Garcia residence and that the search was conducted within three months of the Garcia search is neither relevant nor determinative without any information from Plaintiffs about the circumstances of the Benson Street search. Plaintiffs cite a 2005 case, *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 670 (D. Kan. 2005), for the proposition that discovery is appropriate "if there is 'any possibility' that information may be relevant to a claim or defense of any party," but that is not the standard for discovery in federal court. The Federal Rules of Civil Procedure were amended ten years after the *Cory* decision to provide that discovery must be relevant to a claim or defense and proportional to the needs of the case. *See* Fed.R.Civ.P. 26(b)(1). Plaintiffs cite to an outdated legal standard. The Court agrees with the City that Plaintiffs have not met their burden to show why materials related to the Benson Street search warrant are relevant and proportional to the needs of the case simply because the search involved Martinez and it occurred blocks from the Garcia residence, months before the Garcia search. Therefore, Plaintiffs' Motion is denied in this respect.[3]

**Plaintiffs' Fifth Request for Production of Documents.**

In their Fifth Request for Production of Documents, Plaintiffs seek additional documents associated with three CR files for incidents involving Martinez that the Court previously ruled were discoverable in this case. Plaintiffs also seek documents relating to a settled federal case not previously targeted by Plaintiffs in which Martinez was a named defendant, *Love v. City of Chicago*, No. 13-cv-3174 (N.D. Ill.), and that Martinez, according to Plaintiffs, identified in his own answers to interrogatories.[4]

Following their review of the City's production of the three CR files identified in their Fifth RFPs, Plaintiffs say they are asking for "critical documents" from

---

[3] The Court reserves judgment on whether the Benson street request is a new request for production that should not be allowed for other reasons put forth by the City given the resolution of Plaintiffs' Motion as to those documents on other grounds.

[4] Plaintiffs originally sought additional documents from four of the previously identified CR files but withdrew their request relating to one of those files. *See* Motion at 9.

those files that were "missing" from the City's prior production. *See* Plaintiffs' Reply [ECF No. 111] at 8. The City objects saying Plaintiffs represented during a hearing before the District Judge on May 7, 2024, that they would not seek additional *Monell* or Rule 404(b) documents. The Court does not read Plaintiffs' counsel's statements during that hearing to be a commitment not to seek the documents they are now seeking as follow-up after their review of the City's prior productions. And documents relating to the settled *Love* case in which Martinez was a defendant and that he identified in answer to interrogatories arguably are relevant and proportional as well though the Court has less information about the relevance of the *Love* case. The City, however, says it agreed to produce all these documents but only if Plaintiffs would promise not to issue any further discovery relating to their *Monell* claim or for Rule 404(b) purposes. Therefore, the City at least implicitly has acknowledged that the documents Plaintiffs are seeking are discoverable here.

Plaintiffs refused to make the promise the City insisted on extracting as the price for production of the documents. The Court agrees with Plaintiffs that the documents they are seeking are potentially relevant and proportional to the needs of this case, particularly given the City's conditional offer to produce them, and they should not have to promise not to ask for more documents from the City in exchange for obtaining the documents they are now seeking. Therefore, Plaintiffs' Motion is granted in this respect.

Accordingly, for all the reasons discussed above, Plaintiffs' Second Motion to Compel [ECF No. 106] is granted in part and denied in part. The Motion is granted to the extent of Plaintiffs' request for documents that support a contention by Defendant Martinez that the "J. Doe" he utilized in this case was reliable and for "J. Doe's" criminal history (Plaintiffs' Fourth Request for Production Nos. 4 and 5), and to the extent of Plaintiffs' follow-up request for documents associated with or missing from certain CR files the Court previously ordered produced [ECF Nos. 86, 90] as well as documents relating to the settled *Love* case (Plaintiffs' Fifth Request for Production of Documents Nos. 2 through 5). The documents can be produced with redactions designed to continue to shield "J. Doe's" identity and pursuant to the confidentiality order previously entered in this case. [ECF No. 52]. The documents (and/or an affidavit concerning "J. Doe's" criminal history) must be produced within 15 days of the date of this Order absent an order extending that date for good cause shown. Plaintiffs' Motion is denied in all other respects.

It is so ordered.

                                                                             Jeffrey T. Gilbert
                                                              United States Magistrate Judge

Dated: December 3, 2024