IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERORGE GARCIA, KYMBERLY BLEVINS, for herself and on behalf of her minor children, G. GARCIA and K. GARCIA, and MICHAEL ZASTRO, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO POLICE OFFICER SERGIO MARTINEZ, STAR #19512, et. al., <br><br> Defendants. | No. 21 C 2850 <br><br> Jeffrey T. Gilbert <br> United States Magistrate Judge |

### ORDER

Plaintiffs' Motion to Strike Defendant's Objections and Deem Facts Admitted [ECF No. 126] (the "Motion") is granted to the extent the Court orders Defendants City of Chicago and Chicago Police Officer Sergio Martinez to amend their responses to Plaintiffs' Federal Rule of Civil Procedure 36 ("Rule 36") requests for admission ("RFAs") consistent with this Order, and the Motion is denied to the extent Plaintiffs seek relief that is not authorized by Rule 36.[1]

The Court will not deny Plaintiffs' Motion, as Defendants request, on the ground that Plaintiffs did not comply fully with the meet and confer requirement of Local Rule 37.2. Even if it is true that Plaintiffs did not raise with Defendants all of the arguments they make in their Motion before the Motion was filed, despite the Local Rule 37.2 certification at the beginning of Plaintiffs' Motion, [ECF No. 126] at 2, counsel have shown a complete inability to agree on much of anything by way of discovery in this case, and it is likely that no amount of meeting and conferring would have obviated the need for the Court to address most if not all of Defendants' objections to Plaintiffs' RFAs eventually. In its discretion, therefore, the Court opts to rule on Plaintiffs' Motion now to keep this 2021 case moving.

---

[1] Although Plaintiffs' Motion is titled in the singular ("Motion to Strike Defendant's Objections"), the Motion addresses both the City's and Martinez's responses to Plaintiffs' Rule 36 requests for admission and the Court does so as well in this Order. Both Defendants filed a joint response to Plaintiffs' Motion. *See* Defendants City of Chicago and Officer Martinez's Joint Response [ECF No. 134].

Defendants objected, sometimes at great length, to Plaintiffs' RFAs, all 87 of them – 51 RFAs served on the City and 36 served on Martinez. Defendants are correct they can both object to and answer requests for admission. Virtually all of Defendants' answers to the RFAs, however, are made "subject to and without waiving said objections." [ECF Nos. 126-1 and 126-2]. Defendants cannot do that consistent with Rule 36. That Rule provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED.R.CIV.P 36(a)(4). Defendants did not comply with the Rule. They objected to virtually every RFA and then answered "subject to and without waiving" those objections. That makes it effectively impossible to know whether the matter is admitted or denied. Requests for admission are vehicles designed to simplify cases and streamline matters for trial. Defendants' responses to Plaintiffs' RFAs complicate rather than simplify things.

To be crystal clear, Defendants can object to a request for admission under Rule 36; they just cannot assert an objection in the way they did so here, by incorporating their objection into an answer or denial. The Court agrees with Judge Harjani's analysis of a similar situation in *LKQ Corporation v. Kia Motors America, Inc.,* 2023 WL 2429010 (N.D. Ill. 2023). In that case, the court said, "When a responding party answers a RFA 'based on,' 'subject to,' or 'without waiving,' its objections, the requesting party is left uncertain as to whether the request has been fully answered or whether only a portion of the request has been answered." *Id.* at *3. In *LKQ Corporation*, the court was dealing with a defendant's response to a request for admission that was "based on these objections." *Id.* at 2. Here, Defendants answered "subject to and without waiving these objections." The result is the same despite the slight difference in language. Answering in this way renders the requests for admission useless for their intended purpose. Virtually all of Defendants' responses to Plaintiffs' RFAs suffer from this failing.

Defendants cite *Thermapure, Inc. v. Giertsen Co. of Illinois, Inc.*, 2013 WL 1222330 (N.D. Ill. 2013), ostensibly for the proposition that it is perfectly proper to respond to a request for admission by admitting or denying "subject to objections." Defendants' Joint Response [ECF No. 134] at 3. This takes Judge Rowland's words a bit out of context. The court in that case said that "Giertsen's objections to these Requests [for Admission] are not waived merely because Giertsen has answered them subject to its objections." *Id.* at *2-3. The court, however, then went on to rule on the defendant's objections, overruling each one, and it ordered the defendant to file an amended response that either admits or denies the request for admission. *Id.* at 3-4. Judge Rowland did not say an answer to a request for admission that is made "subject to objections" is proper or improper *per se*, but she also did not let an answer phrased in that way stand. Instead, she ruled on the objections and then ordered the defendant to serve an amended response that either admitted or denied the matter

2

at issue in the request for admission. That effectively rendered the original answer that was made "subject to objections" a nullity other than to preserve an objection. The case thus stands for the limited proposition that an objection is not waived because a party answered a request for admission subject to an objection. So, too, here Defendants did not waive their objections by responding the way they did to Plaintiffs' RFAs. But they will be required to serve amended responses to the RFAs consistent with the Court's rulings on their objections.

The parties grouped Defendants' objections into various categories in their briefs. For the most part, the parties do not focus on individual requests for admission but rather on an entire category. The Court will address Defendants' objections in the same way. The Court rules on Defendants' objections to Plaintiffs' RFAs as follows:

<u>Vague and Ambiguous Terms</u>. Defendants objected to many words in Plaintiffs' RFAs on the ground that they are vague and ambiguous. Many of those objections – to words such as "authored," "request," "supervised," and "side entrance" – border on the frivolous. Defendants also object to other words commonly used in connection with the matters at issue in this case – such as "no knock," "executed," "pry bar tool known as a Chicago bar," "breach," "J. Doe informant," "surveillance," and "written consent form." Defendants say even if they know what those terms mean when they use them, Plaintiffs do not define them, and they do not know how Plaintiffs are using those terms.

For example, Defendants object to the word "executed" in Plaintiffs' RFA No. 1 to both Defendants: "Exhibit A is a true and accurate copy of the Complaint for Search Warrant and the Search Warrant # 21 SW 2903 executed at 1219 W. 32nd Place, Chicago, Illinois on March 14, 2021." And they object to the word "authored" in Plaintiffs' RFA No. 2 to both Defendants: "Defendant Officer Sergio Martinez authored the Complaint for Search Warrant and the Search Warrant # 21 SW 2903 executed at 1219 W. 32nd Place, Chicago, Illinois on March 14, 2021."

These objections cannot stand. In fact, Plaintiffs point to several instances in which a Defendant or defense counsel used the same words to which they now object in depositions taken in this case. The Court overrules all these objections as meritless. The Court sees no reason Defendants cannot answer RFAs that use the terms to which they titularly object consistent with Rule 36(a)(4).

"J. Doe" Objections. Defendants object to Plaintiffs' RFAs about the "J. Doe" informant in this case on relevance grounds and because they say responding to them assertedly would risk identifying "J. Doe." The Court overrules the relevance objections. The RFAs at issue are solidly factual and are relevant to the claims and defenses in this case. Defendant City, for example, objects on relevance grounds to Plaintiffs' RFA No. 20: "While officers were striking the door with the battering ram, George Garcia yelled to officers to wait and that he would open the door." Defendant

Martinez objects to the relevance of Plaintiffs' RFA No. 15 which may be relevant for Federal Rule of Evidence 404(b) purposes: "Prior to March 14, 2021, Defendant Officer Martinez searched a residence located at 3224 S. Morgan, Chicago, Illinois." Relevance objections are difficult to sustain in this context and, as far as the Court can discern, they are unsustainable here. In addition, the Court previously dealt with the City's objection that the reliability of "J. Doe" is irrelevant in the context of this case for all purposes, which Defendants also raise in response to certain of Plaintiffs' RFAs. *See* Order of 12/3/24 [ECF No. 139].

Defendants' objections that answering Plaintiffs' RFAs with respect to the "J. Doe" informant runs the risk of unmasking "J. Doe" also are overruled. The Court disagrees with Defendants that an earlier order in this case dismissing certain of Plaintiffs' claims [ECF No. 25] renders these RFAs irrelevant. The Court does not see any risk of disclosure of "J. Doe's" identity if Defendants respond to the RFAs they have identified as problematic for that reason. An example of the RFAs at issue on this point is Plaintiffs' RFA No. 6 to the City: "Defendant Officer Sergio Martinez never used the specific J. Doe referenced in the Complaint for Search Warrant (Ex. A) as an informant prior to March 13, 2021." It is difficult to see how an answer to this RFA runs the risk of identifying the anonymous "J. Doe." In addition, the City denied this RFA and others like it "subject to and without waiving" three paragraphs of objections which completely undercuts the basis for the objection.

<u>Objections to RFAs Related to the COPA Investigation</u>. These objections on relevance and other grounds are overruled. Defendants raise objections to RFAs that ask them to admit certain findings in reports from the Civilian Office of Police Accountability ("COPA") saying that Plaintiffs pick and choose certain findings in the COPA investigation reports but ignore others. Defendant also object on the basis that the COPA investigation is unfairly prejudicial, and that a violation of Chicago Police Department Rules and Regulations does not establish a constitutional violation. None of these objections are sufficient to excuse Defendants from responding to the RFAs at issue. To the extent that Defendants' objections go toward the ultimate admissibility at trial of certain facts, those objections can be raised later. But the objections do not establish that Plaintiffs' RFAs are improper.

<u>Officer Martinez's "Do Not Recall" Responses</u>. Rule 36(a)(4) says, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED.R.CIV.P 36(a(4). The Rule clearly requires a responding party to make reasonable inquiry before he asserts lack of knowledge in responding to a request for admission. Defendant Martinez's lack of knowledge responses are silent about what, if any, reasonable inquiry he may have made before he responded to Plaintiffs' RFAs.

That is improper and he must serve amended responses to these RFAs in accordance with Rule 36(a)(4).

<u>Legal Conclusions</u>. Defendants' objections that certain of Plaintiffs' RFAs seek legal conclusions are overruled. Defendants object to certain terms used in Plaintiffs' RFAs such as "criminal activity," "forced entry," and reasonable amount of time" as seeking legal conclusions. The Court disagrees. In the Court's view, Defendants' objections at best implicate RFAs that may involve mixed questions of law and fact, or "the application of law to fact, or opinions about either" that are appropriate for Rule 36 requests for admission. Therefore, Defendants must answer these RFAs.

Accordingly, for all these reasons, Defendants' objections to Plaintiffs' RFAs are overruled. Plaintiffs ask the Court to strike Defendants' objections, but that is not relief that is available under Rule 36. Instead, Rule 36(a)(6) says, "[u]nless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED.R.CIV.P 36(a)(6). Therefore, in accordance with Rule 36(a)(6), the Court having found that Defendants' objections are not justified, Defendants shall serve amended answers to Plaintiffs' RFAs consistent with the Court's rulings in this Order within 30 days of the date of this Order.

Defendants must make clear whether they are admitting, denying, or objecting to the matters asserted – in short, Defendants must comply with Rule 36(a)(4). If that means Defendants cannot admit or deny a particular RFA in full, they need to be cognizant of the proviso in Rule 36(a)(4) that says, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED.R.CIV.P 36(a)(4).

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 16, 2024